**Phillip RHODES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–98–00234–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 21, 1999.

Decided June 22, 1999.

Discretionary Review Refused
Oct. 20, 1999.

Vernard Solomon, Attorney at Law, Marshall, for appellant.

Randal Lee, Criminal District Attorney, Linden, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice ROSS.

Phillip Rhodes was indicted for criminally negligent homicide. The jury found him guilty and assessed punishment at 180 days' confinement in a state jail facility and a $5,000.00 fine. The jury also recommended that imposition of the confinement be suspended and that Rhodes be placed on community supervision for a period of five years. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15 (Vernon Supp.1999). The judge sentenced Rhodes in accordance with the jury's verdict and recommendation by suspending imposition of the 180 days' confinement and placing him on community supervision for five years and by ordering him to pay the $5,000.00 fine. Rhodes appeals, contending that the trial court erred in refusing to include within its

charge to the jury an instruction on voluntariness and in not granting the jury the opportunity to recommend that imposition of the fine also be suspended.

At trial, the State's witness Ronald Windham testified that he was traveling northbound on U.S. Highway 59, approaching an intersection controlled by traffic lights. Before reaching the intersection but after he saw a warning signal, he slowed as he approached the intersection. He further testified that Rhodes passed him just as they drove through the warning signal. Windham did not see Rhodes' brake lights come on. Upon entering the intersection, Rhodes collided broadside with a car driven by Eva Hatchett and with Barbara Davis as a passenger. At the scene of the collision, Rhodes told Windham that he had not seen the light. Officer Archie Booth testified that he was the first law enforcement officer to arrive at the scene. Booth testified that Rhodes' vehicle left one foot of skid marks prior to the collision and three feet after the collision. Booth also testified that Davis died at the scene. Rayfield Harris testified that he saw the collision and afterward overheard Rhodes say that he did not see the light. Hatchett testified that she and Davis were proceeding south on Highway 59 before stopping to turn left. She testified that she proceeded across the northbound lanes when the green arrow on the traffic light appeared and, as she was crossing, she was struck by a vehicle going northbound. Hatchett testified that she received serious injuries and that her passenger died from the collision. Rhodes testified on his own behalf and admitted that he did not see any indication that he was approaching an intersection or traffic control light.

Rhodes first contends that an instruction on voluntariness based on Tex. Pen. Code Ann. § 6.01 (Vernon 1994), and an application of that instruction to the facts of his case should have been included in the court's charge to the jury. Rhodes asserts that he did not voluntarily participate in the running of the red light and,

therefore, is not responsible for the results rendered from that act.

■ A person is guilty of criminally negligent homicide if he causes the death of a person by criminal negligence. Tex. Pen.Code Ann. § 19.05(a) (Vernon 1994). Criminal negligence as a culpable mental state is defined as follows:

> (d) A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Tex. Pen.Code Ann. § 6.03(d) (Vernon 1994). A conviction for criminally negligent homicide requires evidence showing that the defendant was unaware of the risk, or that he failed to perceive the risk created by his conduct. *See Thomas v. State*, 699 S.W.2d 845, 851–52 (Tex.Crim. App.1985).

■ Section 6.01 of the Penal Code states, "[a] person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." Tex. Pen.Code Ann. § 6.01(a). The evidence must show that an appellant committed a voluntary act with the requisite mental state. *Moss v. State*, 850 S.W.2d 788, 795 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd). A defendant is entitled to a charge on the issue of the voluntariness of his acts when warranted by the evidence. *See Brown v. State*, 955 S.W.2d 276, 280 (Tex.Crim.App.1997). To be entitled to the charge, there must be evidence of an independent event, such as the conduct of a third party, that could have precipitated the incident. *See id.*

In the present case, Rhodes is essentially arguing that his failure to stop for the red light was not voluntary because he did not see the light. Section 6.01 states that a person can commit an offense if the person fails to engage in conduct. Rhodes' voluntary conduct was his failure to keep a proper lookout and, consequently, his failure to heed the warning signal and to stop for the red light. This failure was the voluntary act that constituted the failure to perceive the risk and the gross deviation from the standard of care that an ordinary person would exercise under the circumstances.

Rhodes has failed to direct this Court to any evidence, and we have found none in the record, which suggests that his failure to keep a proper lookout and to stop for the red light was involuntary. An instruction is warranted only after evidence supporting the issue is introduced. *See id.* Voluntariness, per se, is not a jury question. *Moss,* 850 S.W.2d at 795, *citing Wade v. State,* 630 S.W.2d 418, 419 (Tex. App.-Houston [14th Dist.] 1982, no pet.). In the absence of evidence that an appellant's conduct was involuntary, such conduct is voluntary as a matter of law, and no jury instruction is required. *Moss,* 850 S.W.2d at 795. There is no evidence showing that Rhodes' failure to engage in conduct, i.e., to keep a proper lookout and stop for the red light, was involuntary. Therefore, his conduct was voluntary as a matter of law and no jury instruction was required. Rhodes' first contention is overruled.

Next, Rhodes contends that the trial court violated Tex.Code Crim. Proc. Ann. art. 42.12, § 4 (Vernon Supp.1999) by not giving the jury the option to recommend that imposition of any fine assessed be suspended. This contention is without merit.

An offense under Tex. Pen.Code Ann. § 19.05(a) is a state jail felony. Punishment for state jail felonies is governed by Section 12.35 of the Penal Code. Tex. Pen. Code Ann. § 12.35 (Vernon 1994). Procedures for state jail felony community supervision are governed by Tex.Code Crim. Proc. Ann. art. 42.12, § 15. "A defendant is *not eligible for community supervision under this section if the defendant: ... is sentenced to serve a term of confinement under Section 12.35, Penal Code.*" Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(2) (emphasis added).

Rhodes relies on Article 42.12, § 4, which is clearly inapplicable in the present case. In state jail felonies, the judge *may suspend* the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed, and the judge *may suspend* in whole or in part the imposition of any fine imposed on conviction. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 15(a). Rhodes' contention is unsupported and without merit. Accordingly, we overrule Rhodes' second contention.

The judgment of the trial court is affirmed.