Karen L. Wilson v. The State of Texas

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-221-CR

KAREN L. WILSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY 

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Karen L. Wilson of intentionally or knowingly causing the death of her estranged husband Robert Wilson, Complainant, by running over him with her Tahoe.  The jury assessed her punishment at fifty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced her accordingly.  

Appellant brings six issues, challenging the legal sufficiency of the evidence, the denial of her motion for new trial, the admission of evidence of the prior relationship she had with Complainant, and the trial court’s ruling on the State’s objection to her jury argument.  Because we hold that the trial court did not err, we affirm the judgment.  

STATEMENT OF FACTS

On June 24, 2001, Complainant was killed when he was run over by a Tahoe driven by Appellant.  Five eyewitnesses testified that they heard Appellant screaming at someone.  The witnesses then watched Appellant do a “donut” in the median of Risinger Road, drive off, return at an estimated speed of twenty to thirty miles per hour, jump a curb, and drive directly at and hit Complainant, who was walking through a parking lot.  Witnesses further testified that after hitting Complainant, Appellant got out of the vehicle, grabbed the body by the shoulders, shook it, and yelled at it.  Appellant then returned to her vehicle and drove off.  The witnesses described the vehicle as being driven in a normal manner and under control except for the donut.

SUFFICIENCY OF THE EVIDENCE

In her first two issues, Appellant argues that the evidence is legally insufficient to show that her act was voluntary and to prove the necessary mental state.  Appellant argues that because the various witnesses described her running over her husband as an accident, the evidence showed that her act was not voluntary.  Appellant also argues that, even if this court should find the evidence sufficient to show that her conduct was voluntary, the evidence would not support a finding that her culpable mental state was intentional or knowing.  

As the State points out, the legal sufficiency of the evidence to support a criminal conviction is governed by the well-known standard of 
Jackson v
. 
Virginia
.
(footnote: 2)  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict.
(footnote: 3)  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
(footnote: 4)  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.
(footnote: 5)
 A person commits the offense of murder if that person intentionally or knowingly causes the death of the complainant.
(footnote: 6)  Additionally, a person commits an offense only if that person voluntarily engages in the conduct.
(footnote: 7)  The evidence, therefore, must show that the accused committed a voluntary act with the requisite mental state.
(footnote: 8)  The Texas Court of Criminal Appeals has held that there is no defense of “accident” recognized in the penal code.
(footnote: 9)  Instead, evidence of an accident can trigger a jury charge on the issue of voluntariness.
(footnote: 10)  It can also support a finding of recklessness as opposed to intentional or knowing conduct.
(footnote: 11)  

The evidence shows that Appellant and Complainant had a stormy relationship characterized by fights and assaults.  The jury heard five witnesses testify that Appellant was screaming at someone from her Tahoe.  The witnesses watched Appellant do a donut in the median of Risinger Road and drive off again.  They watched her return at an estimated speed of twenty to thirty miles an hour, jump a curb, drive directly at Complainant, hit him, and then drive off. 

As the State points out, the evidence in this case supports a reasonable inference that Appellant was angry at Complainant and intentionally returned to the scene and ran over him.  Additionally, a close examination of the record yields no evidence of an involuntary act.  We see no evidence of mechanical malfunction of the automobile, nor do we see any evidence of any involuntary physical body movements.
(footnote: 12)  Applying the appropriate standard of review, we hold that the evidence is legally sufficient to support the conviction.  We overrule Appellant’s first and second issues.

EXTRANEOUS ACTS

In her third issue, Appellant argues that the trial court committed reversible error in admitting evidence of her extraneous acts.  Appellant introduced the subject of spousal abuse during voir dire and discussed it in her opening statement.  The prosecutor, for his part, remarked in his opening statement that he anticipated that Appellant would try to paint Complainant as a wife beater and that the State would rebut those allegations by showing that Appellant was the aggressor.  Neither side voiced an objection to any of these statements.  On appeal, however, Appellant argues that the trial court should not have introduced evidence of a disturbance call to the police involving Appellant and Complainant’s yelling and swearing at each other over the possession of the Tahoe.  Nor, she contends, should the trial court have admitted evidence that the police took Appellant away after responding to the call.

In a homicide prosecution, the legislature has mandated that evidence of the previous relationship between the accused and the deceased is admissible.
(footnote: 13) Although evidence admitted under article 38.36 is still subject to the extraneous offense rules of 404(b) and 403 of the Texas Rules of Evidence, we agree with the State’s analysis of the relationship between 38.36 and 404(b) and 403.
(footnote: 14)  That is, extraneous offense evidence is inadmissible if offered solely to prove character conformity or if it is unduly prejudicial.
(footnote: 15)  If, however, the evidence is offered for the purpose of showing and does show the relationship between the parties, that evidence is admissible under rule 38.36 unless it is unduly prejudicial.
(footnote: 16)
 The trial court’s decision to admit evidence is subject to an abuse of discretion standard of review.
(footnote: 17)  If the decision to admit or exclude evidence falls within the zone of reasonable disagreement, no abuse of discretion is shown.
(footnote: 18)  The evidence of the prior relationship between the parties was admitted to rebut Appellant’s contentions that Complainant’s injuries were the result of an accident and that Complainant, not Appellant, was a violent and abusive spouse.  Consequently, the prior relationship between the parties was evidence of Appellant’s intent or motive and the absence of accident or mistake.  The trial court did not abuse its discretion by admitting the evidence.  We overrule Appellant’s third issue.

JURY ARGUMENT

In her closing argument at the guilt-innocence phase, Appellant argued that domestic violence “injures more women in America than any —.“  The State objected that the argument was outside the record, and the trial court sustained the objection.  

To be permissible, jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
(footnote: 19) 
 
Our review of the record reveals no evidence supporting Appellant’s assertion about domestic violence injuring more women in America.  Thus, the argument was outside the record.
(footnote: 20)  Additionally, Appellant’s argument does not fall within any of the permissible areas listed above.  The trial court did not err in sustaining the State’s objection.  We overrule Appellant’s fourth issue.

DENIAL OF MOTION FOR NEW TRIAL

In her fifth and sixth issues, Appellant argues that the trial court reversibly erred in overruling her motion for new trial based on the allegations that the jury foreman obtained additional information about the case outside the record and that the jury disregarded the trial court’s instructions not to discuss the case except within the confines of the jury room.  

Granting or denying a motion for new trial rests within the sound discretion of the trial court.
(footnote: 21)  This court has described a proper analysis for allegations of juror misconduct: 

When jury misconduct is raised in a motion for new trial, whether misconduct has occurred is a decision for the trial court, and we will not disturb that ruling absent a clear abuse of discretion.  A movant for a new trial based on jury misconduct must show that (1) misconduct occurred, and (2) the misconduct resulted in harm to the movant.  The trial court is the sole judge of the credibility of the testifying jurors.  In the absence of pertinent findings, we must view the evidence adduced at the hearing in the light most favorable to the trial court’s ruling.
(footnote: 22)
 Appellant argues that the presiding juror obtained information about the case outside the record and that his actions required the trial court to grant her motion for new trial.  Tina Green’s affidavit provided: 

When we were leaving Tandy Center after lunch, Karen—I was all of the way across the street, coming back to the courthouse, coming up the stairs, and Karen—some friends of Karen screamed that she had gotten sick.  I went back across— ran back across the street, and I started like taking off her clothes, her jacket and stuff.  She was throwing up.  

He [the presiding juror] walked up behind me and kind of grabbed me by my waist and he was asking, “Are y’all ok?  Is she going to be ok?” and I said, “Yeah,” and he said, ”Well, I will talk to you later,” and then he went on. 

Appellant argues that “[s]ince the Appellant’s state of mind was a highly disputed issue in the trial, the foreman’s attempt to secure evidence of the Appellant‘s mental state outside of the trial is a flagrant violation” of the rules.
(footnote: 23)  She also contends that we must presume the conversation harmed her.  We disagree.  The trial court could have reasonably concluded that the presiding juror was not attempting to secure evidence of Appellant’s mental state.  Instead, he came upon what appeared to be a medical emergency and inquired about the well-being of the woman, Appellant, throwing up on the street.  He did what any reasonably responsible person would do.  Additionally, the brief conversation with Tina Green was not a discussion about the case.  The trial court properly overruled Appellant’s motion for new trial on this ground.  

Appellant also argues that prior to submission of the court’s charge,  during lunch time when they were not in a jury room and when all jurors were not present, some jurors discussed some of the photographs admitted during the trial.  The evidence regarding this allegation was conflicting.  Additionally there was no evidence that such discussions, if they occurred, harmed Appellant.  The trial court did not abuse its discretion in overruling Appellant’s motion for new trial on this ground.  For the foregoing reasons, we overrule Appellant’s fifth and sixth issues. 

CONCLUSION

Having overruled all of Appellant’s issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. 
P. 47.2(b)

DELIVERED:  May 22, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

3:
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).

4:
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).

5:
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789. 

6:
T
ex
. P
enal
 C
ode
 A
nn
. § 19.02 (Vernon 2003).

7:
Id.
 § 6.01(a).

8:
Rhodes v. State
, 997 S.W.2d 692, 695 (Tex. App.—Texarkana 1999, pet. ref’d).

9:
See Williams v. State
, 630 S.W.2d 640, 644 (Tex. Crim. App. 1982)  (op. on reh'g).  

10:
Id.

11:
Lawson v. State
,
 
64 S.W.3d 396, 398 (Tex. Crim. App. 2001)  (“Involuntary manslaughter is, by definition, an accidental homicide, committed with recklessness.”)
.

12:
See Brown v. State
, 89 S.W.3d 630, 633 (Tex. Crim. App. 2002); 
Alford v. State
, 866 S.W.2d 619, 624 (Tex. Crim. App. 1993); 
Joiner v. State
, 727 S.W.2d 534, 536-37 (Tex. Crim. App. 1987).

13:
T
ex
. C
ode
 C
rim
. P
roc
. A
nn
. art. 38.36 (Vernon Supp. 2003).

14:
See id
.; 
Tex. R. Evid.
 403, 404(b).

15:
Smith v. State
, 5 S.W.3d 673, 679 (Tex. Crim. App. 1999).

16:
See id
.

17:
Montgomery v. State
, 810 S.W.2d 372, 379 (Tex. Crim. App. 1991) (op. on reh’g).

18:
Id.

19:
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

20:
See Gaddis v. State
, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988);  
Jordan v. State
, 646 S.W.2d 946, 948 (Tex. Crim. App. 1983) (both holding that counsel cannot use closing argument to place evidence before the jury that is outside the record). 

21:
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

22:
Mayo v. State
, 17 S.W.3d 291, 295-96 (Tex. App.—Fort Worth 2000,  pet. ref’d) (op. on remand).

23:
See
 Tex. R. App. P. 
21.3(f).