**Rashann Maurice BROWN, Appellant,**

v.

**The STATE of Texas.**

**No. 288–01.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 13, 2002.

---

Paul E. Fulbright, Corsicana, for Appellant.

Matthew Paul, State's Attorney, Austin, for State.

---

## OPINION

JOHNSON, J., delivered the unanimous opinion of the Court.

In a trial before the court, appellant was convicted of taking marihuana into a correctional facility,[1] alleged to have occurred on or about February 17, 1998. The trial court assessed punishment at two years confinement in the institutional division of the Texas Department of Criminal Justice.

On appeal, a divided court of appeals sustained appellant's second point of error and held that the evidence was legally insufficient to establish that he took marihuana into the jail voluntarily. *Brown v. State*, 35 S.W.3d 183, 189 (Tex.App.-Waco 2000). It also overruled appellant's only other point of error, which challenged the trial court's ruling on his motion to suppress. *Id.* at 187. We granted the State Prosecuting Attorney's (SPA) petition for discretionary review, which argues that the sole issue presented by the court of appeals' opinion is whether the evidence was legally sufficient to prove that appellant voluntarily engaged in conduct pursuant to TEX. PENAL CODE § 6.01(a).[2]

The trial court took "judicial recognition" of the testimony and evidence adduced at the hearing on appellant's suppression motion. That testimony reveals that appellant was a passenger in a U–Haul vehicle that was rented in Florida. Department of Public Safety officers stopped that vehicle in Navarro County for a traffic violation and determined that a report had been made in Florida that the vehicle had been stolen. Appellant, the driver, and the three other passengers were all arrested "for being in a stolen U–Haul" and transported to the Navarro County Jail. A sheriff's deputy guarded the five in a break room in the sheriff's office while paperwork was being prepared. While waiting, the deputy informed them that if any of them were going to be brought into the jail, they needed to tell him about any contraband

---

1. TEX. PENAL CODE § 38.11(b).

2. "Where the defendant is charged with taking a controlled substance into a correctional facility, is the evidence insufficient to prove that the defendant voluntarily engaged in conduct pursuant to Penal Code, § 6.01(a), because the defendant was transported into the jail against his will?"

that was possessed, such as drugs or weapons, before they stepped inside the jail. He testified that he asked each one individually, and that each denied having contraband. After it was determined which of the five travelers were to be held, appellant and one of the others were brought into the jail for booking. After appellant was processed, the deputy took him to the showering area so that he could take a shower. As appellant was getting undressed, he stated, "[O]h, I forgot about this," and reached into his pocket and pulled out and handed to the deputy the marihuana that is the subject of the offense for which appellant was convicted. Appellant states that he was never charged with auto theft or unauthorized use of a motor vehicle.

On appeal, appellant claimed that the evidence was insufficient to establish that he intentionally and knowingly took the marihuana into a correctional facility under circumstances where he had no control or management over the prohibited substance at the time he was brought into the jail facility. He suggested that, because he was taken to the jail in handcuffs, he had no control over the prohibited substance that was later found in his jeans pocket and had no opportunity to dispose of the controlled substance prior to being taken into the jail facility.

The court of appeals, noting that appellant's brief argued that the trial court should have found that he did not voluntarily introduce contraband into the correctional facility, held that the record establishes that appellant was transported to the jail against his will because he was under arrest and thus did not voluntarily go to the county jail and therefore did not voluntarily take the marihuana into the

jail. *Brown,* 35 S.W.3d at 188.[3] It concluded that, because appellant did not voluntarily go into the jail, the evidence is legally insufficient to establish that he voluntarily took marihuana into the jail. *Id.* at 189. The court of appeals did find sufficient evidence of guilt of the lesser-included offense of marihuana possession prior to appellant's entry into the jail, modified the judgment to reflect conviction of possession of marihuana, and remanded the cause to the trial court for a new punishment hearing. *Id.* at 190.

Appellant was charged under TEX. PENAL CODE § 38.11(b), which does not articulate a required mental state. TEX. PENAL CODE § 6.01(a) states, "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession." The SPA argues that this Court, in *Alford v. State,* 866 S.W.2d 619 (Tex.Crim.App.1993), made it plain that § 6.01(a)'s requirement of voluntary conduct has nothing to do with threats, coercion, or free will, but rather refers only to one's physical bodily movements. It insists that "issues concerning coercion or appellant's free will are extraneous to the § 6.01(a) inquiry" and that it does not matter that he was transported into the jail against his will because he was under arrest.

Appellant states that the issue of voluntariness depends on a determination of whether he voluntarily engaged in the conduct of which he is accused. He notes that the concept of arrest is one of suspension of the exercise of free will, and that an arrest is the antithesis of the exercise of free will. He argues that, whether he "walked, crawled or was dragged into the correctional facility, he was under arrest," and his action in entering the jail was

---

**3.** The court of appeals also stated that the opportunity to surrender contraband before entering the jail was in a custodial setting and

was tantamount to an attempt to compel him to waive his fifth amendment privilege against self-incrimination. *Brown* at 189.

therefore compelled. While appellant did submit to the trial court a stipulation of evidence in which he admits that he did intentionally and knowingly possess the marihuana which was retrieved from him by the deputy at the Navarro County Jail, he argues that because he was arrested and taken to the jail, he did not voluntarily bring the marihuana into the jail.

 " 'Voluntariness,' within the meaning of section 6.01(a), refers only to one's physical bodily movements." *Brown v. State*, 955 S.W.2d 276, 280 (Tex.Crim.App. 1997); *McFarland v. State*, 928 S.W.2d 482, 513 (Tex.Crim.App.1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997); *Alford v. State, supra*, 866 S.W.2d at 624. We have held that "the term 'voluntarily' as utilized in section 6.01(a) means the absence of an accidental act, omission or possession." *Alford, supra* at 624. We have also held that "the issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state." *Adanandus v. State*, 866 S.W.2d 210, 230 (Tex.Crim. App.1993), *cert. denied*, 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d 686 (1994).

 Appellant does not dispute that he possessed marihuana in the jail, but rather claims that he did not "voluntarily" bring it into the jail. In *Alford*, we rejected a broad definition of voluntary that would incorporate a concept of free will. Instead, we concluded that a narrower construction of voluntarily as utilized in § 6.01(a) was appropriate. *Alford*, 866 S.W.2d at 624. Specifically, we held that voluntarily "means the absence of an accidental act, omission or possession," and that voluntariness "refers only to one's physical bodily movements." *Id.*

Appellant makes no claim of involuntary physical bodily movements but asserts only that he, "in custody, under restraint," was compelled to enter into the correctional facility. We conclude that the court of appeals erred in holding the evidence legally insufficient to establish that appellant voluntarily took marihuana into the jail. Accordingly, we sustain the SPA's ground for review, reverse the judgment of the court of appeals, and affirm the judgment of the trial court.