NO. 07-04-0454-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 3, 2004



______________________________




ERVIN DWAIN MASON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 40,692-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pending before this Court is Ervin Dwain Mason's motion to dismiss his appeal by
which he represents he wishes to withdraw his notice of appeal. The motion is personally
signed by appellant as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure. 
No decision of this Court having been delivered to date, the motion is granted. No motion
for rehearing will be entertained and our mandate will issue forthwith. 

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice


Do not publish.

 



 in another county, the
dispatcher called the sergeant in charge of the jail for assistance. The sergeant confirmed
appellant was the person named in the warrant and informed appellant he would be
detained in the jail. During a later inventory of appellant's property in the booking area of
the jail, the sergeant and a correctional officer found two small clear plastic bags containing
methamphetamine in a small coin purse appellant was carrying, resulting in the present
prosecution.

 Appellant was charged in an indictment alleging he "intentionally or knowingly
possess[ed] a controlled substance, namely, methamphetamine, while in a correctional
facility, to-wit: the Parmer County jail." He was found guilty by a jury and sentenced to two
years confinement and a $10,000 fine. 

 Penal Code Section 38.11(d)(1)(B) provides a person commits an offense by
possessing a controlled substance while "in a correctional facility or a secure correctional
facility[.]" Tex. Pen. Code Ann. § 38.11(d)(1(B) (Vernon Supp. 2006). The Penal Code
defines both terms to include a county jail. Tex. Pen. Code Ann. § 1.07(a)(14)(A), (45)(A)
(Vernon Supp. 2006). 

 We begin with appellant's second and third issues, by which he challenges the legal
and factual sufficiency of the evidence he intentionally or knowingly possessed
methamphetamine in the jail. In a legal sufficiency review, an appellate court must assess
all the evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could find the essential elements of the crime beyond a reasonable doubt. 
Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005), citing Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When conducting a factual
sufficiency review, we review the evidence in a neutral light. Zuniga v. State, 144 S.W.3d
477, 484 (Tex.Crim.App. 2004). However, we must be deferential to the jury's findings and
resist intruding on the fact finder's role as the sole judge of the weight and credibility of the
evidence. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000).

 Each of appellant's three issues rest on his position the evidence "indicated that [he]
was arrested on a warrant outside the jail facility and brought forcibly into the jail by
deputies." Based on this characterization of the evidence, appellant argues his presence
in the jail was not voluntary, thus his possession of a controlled substance there also was
not voluntary. We cannot agree with appellant's characterization of the evidence. If, by
"outside the jail facility," appellant means outside the building, we disagree with his reading
of the record. No witness testified that appellant left the building between the time he
presented himself at the dispatcher's window seeking to visit and his arrest. If, by that
phrase, appellant is contending that the lobby or visitation areas of the building are not
parts of the jail or correctional facility for purposes of Penal Code Section 38.11(d)(1)(B),
we again disagree.

 Testimony given by the Parmer County sheriff included his description of the jail. 
He indicated the jail is located adjacent to, and about 100 yards north of, the Parmer
County courthouse. He later agreed the jail is "brand new." Asked about "types of facilities
. . . at the jail" other than the jail cells, he testified, "Well, the jail encompasses the
administrative office in the front of the building. Of course, we have visitation areas for the
inmates. We also have where we store our evidence, where we have the various functions
surrounding the jail, their exercise areas and medical. Then we also have a large area on
the south end that we call a sally port, but that's a big garage area where we bring people
in and out and to secure our vehicles." The sheriff also responded positively to a question
asking whether the "building itself" is classified as a correctional facility. 

 Witnesses sometimes distinguished between the secured (1) areas of the building and
the front or lobby area. The sheriff said a visitor "would have to come in through the front
administrative area into the lobby, and that would be pretty much all you could get into
unless we let you in." The sergeant in charge of the jail testified he considered the
unsecured lobby area in the facility "part of the . . . administration for the sheriff's office."
He said the lobby "has two windows. You can actually go to the jail window or you can go
to the secretary's window." 

 Appellant points to instances in which the sheriff and the correctional officer referred
to appellant's having been brought "back into" the jail after deputies learned of the
outstanding warrant. In their contexts, we read the statements simply as additional
instances of testimony distinguishing between the "back" secured areas and the front
public or "administrative" area of the building. (2) The statements cannot reasonably be
viewed as indicating either witness considered appellant to have been outside the jail when
he was arrested. 

 The undisputed evidence established appellant was not under arrest when he
entered the jail for the purpose of visiting an inmate. There was no evidence this conduct
was involuntary. See Rogers v. State, 105 S.W.3d 630, 638 (Tex.Crim.App. 2003); Brown
v. State, 89 S.W.3d 630, 633 (Tex.Crim.App. 2002) (both discussing meaning of voluntary
under Penal Code Section 6.01(a)). Appellant's knowledge of the nature of the substance
may be inferred from his possession of it in the coin purse in his pocket, and from his
reaction to its discovery. (3) See Smith v. State, 56 S.W.3d 739, 746 (Tex.App.--Houston
[14th Dist.] 2001, pet. ref'd) (without admission by the accused, due to its subjective nature,
knowledge element of possession offense may be inferred from circumstantial evidence),
citing McGoldrick v. State, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985). On this evidence
a rational factfinder could have found the essential elements of the offense beyond a
reasonable doubt. See Poindexter, 153 S.W.3d at 405 (stating standard for reviewing legal
sufficiency of evidence).

 With respect to appellant's factual sufficiency challenge, he cites no evidence in the
record contrary to the jury's findings that the substance recovered from appellant was
methamphetamine, he knew the nature of that substance, or that he knew he was entering
a correctional facility when he initiated the visitation. The jury's verdict was not contrary
to the great weight and preponderance of the evidence. See Watson v. State, 204 S.W.3d
404, 417 (Tex.Crim.App. 2006). Appellant's second and third issues are overruled.

 By his first issue, appellant contends the trial court erred by failing to include in the
jury charge on guilt/innocence the definition of "voluntary possession" in accordance with 
Penal Code sections 6.01(a) and (b). (4) An instruction on the issue of voluntariness of a
defendant's conduct can be appropriate. See Rogers, 105 S.W.3d at 638; Brown, 89
S.W.3d at 633. But, as noted, we see no evidence any involuntary act was involved in
appellant's entry of the jail or his possession of the methamphetamine as he entered it. 
In Brown the Court of Criminal Appeals held the possession of a controlled substance by
a person brought to jail after his arrest did not prevent prosecution under section 38.11(b) (5)
on the basis his conduct was not voluntary. 89 S.W.3d at 633. The differences between
sections 38.11(b) and (d)(1)(B) do not distinguish the holding in Brown. Appellant points
out that in Brown the defendant was instructed to inform the deputy if he possessed any
contraband "before they stepped inside the jail." 89 S.W.3d at 632. No evidence shows
that appellant was deprived of the opportunity to leave the contraband he was carrying
elsewhere before he stepped inside the jail. We find the trial court did not err by failing to
include in the charge an instruction regarding the voluntariness of appellant's possession,
and overrule his first issue. 

 Having overruled appellant's issues, we affirm the trial court's judgment.

 


 James T. Campbell

 Justice




Do not publish.



1. Testimony also sometimes referred to "controlled" and "uncontrolled" areas.
2. The sheriff agreed officers "went out into the visiting area and brought [appellant]
back into the secured area." 
3. One officer testified that, after the methamphetamine was discovered, appellant
was "visibly shaken, a little upset about the situation."
4. Appellant acknowledges that no objection to the omission was raised at trial, so
if it were error, it would require reversal only if it caused appellant harm so egregious as
to deprive him of a fair trial. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1984) (setting forth harm standard). 
5. Section 38.11(b) provides a person commits an offense if the person takes, inter
alia, a controlled substance "into a correctional facility." Tex. Pen. Code Ann. § 38.11(b) 
(Vernon 2003 & Supp. 2006).