**Opinion filed August 2, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00306-CR

_____

## JOSE CHAVEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Gaines County, Texas**

**Trial Court Cause No. 10-4082**

## M E M O R A N D U M   O P I N I O N

Jose Chavez appeals his conviction by a jury of the offense of taking a controlled substance, marihuana, into a correctional facility. The jury, finding enhancement paragraphs true, assessed his punishment at twenty-five years in the Texas Department of Criminal Justice, Institutional Division. He contends in a single issue on appeal that the evidence is insufficient to support his conviction. We affirm.

Under the standard of review applicable to criminal cases, the evidence is sufficient to support a conviction if, considering all record evidence in the light most favorable to the verdict, a factfinder rationally could have found that each essential element of the charged offense was

proven beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912, 926 (Tex. Crim. App. 2010). Evidence is insufficient under this standard in four circumstances: (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; and (4) the acts alleged do not constitute the criminal offense charged. *Jackson*, 443 U.S. at 314, 318 n.11, 320. If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter a judgment of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41–42 (1982).

Patrick Kissick testified that he is a detective lieutenant for the Seminole Police Department. He indicated that he was present at the book-in process for Chavez. He stated that, after a subject is arrested, he or she is taken into the Gaines County Jail and relieved of his or her property, searched, and then turned over to the duty jailer. He said that, during the book-in process, a marihuana cigarette was found inside a cigarette pouch on Chavez's person. Lieutenant Kissick testified that Chavez was asked by Officer Joe Mendoza, prior to entering the jail, if he had anything illegal on his person and that Officer Mendoza told him that Chavez said he did not have anything on him.

Officer Mendoza testified that he had been a Seminole police officer for fourteen years. He said that, prior to booking Chavez into the jail on the occasion in question, he asked if he had anything on his body or on his clothes that was illegal, like drugs. He indicated that Chavez said he did not. Officer Mendoza related that he asked the question in both Spanish and English and that Chavez understood both times. He said that, when conducting a strip search after Chavez was in jail, he found a marihuana joint located in a package of cigarettes in Chavez's shirt. On cross-examination, Officer Mendoza acknowledged that, at the time of his arrest, Chavez was handcuffed with his hands behind his back.

Chavez, testifying in his own behalf, indicated that he told Officer Mendoza, in response to his question, that he had some contraband in his front pocket. He said he told him that it was a marihuana cigarette. He insisted that he did not know whether Officer Mendoza heard his answer. He related that he could not hand anything to Officer Mendoza because he was handcuffed with his hands behind his back.

We hold that the evidence is sufficient to support the conviction. It is difficult to follow Chavez's argument as to why the evidence is insufficient. As we best understand it, the

2

argument is that, at the time Chavez put the marihuana in his pocket, he was not intending to go to jail and that, when he was arrested, he was handcuffed with his hands behind his back. The issue is not whether Chavez intended to go to jail when he put the marihuana in his pocket, but whether he intended to take the marihuana in with him when he was about to be booked into the jail. Although handcuffed, he could have acknowledged to Officer Mendoza that he had a marihuana joint in his pocket, making sure that Officer Mendoza heard him. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Montgomery v. State*, No. PD-1169-11, 2012 WL 2327833 (Tex. Crim. App. June 20, 2012). When faced with a record supporting contradicting inferences, we must presume that the jury resolved such conflicts in favor of the verdict, even if not explicitly stated in the record. *Id.* Consequently, the jury could reasonably have chosen not to believe Chavez's claim that he told Officer Mendoza that he had the contraband.

Chavez appears to contend that the jury could not believe Officer Mendoza's testimony because Officer Mendoza testified that he asked Chavez the question in both English and Spanish, whereas Lieutenant Kissick testified that he only heard Mendoza ask the question in Spanish. Even if, as Chavez suggests, this testimony brings Officer Mendoza's veracity into question, it was for the jury to resolve the question.

Chavez also suggests that, in order for the evidence to be sufficient, the State is required to show that he intended to go to jail, whereas he was taken to jail against his wishes. Section 6.01(a) of the Texas Penal Code provides that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. TEX. PENAL CODE ANN. § 6.01(a) (West 2011). "Voluntariness," within the meaning of Section 6.01(a), refers only to "one's physical bodily movements." *Brown v. State*, 89 S.W.3d 630, 633 (Tex. Crim. App. 2002). When an appellant complains that the evidence is insufficient to support a conviction for taking a controlled substance or dangerous drug into a correctional facility under Section 38.11(b) of the Texas Penal Code because he or she was compelled to enter the facility in custody and under restraint, but makes no claim of involuntary physical movements, the evidence is sufficient to establish that the appellant voluntarily took the controlled substance into the jail. *See id.* A reasonable jury could find from the evidence presented that Chavez intentionally and knowingly took the marihuana into the correctional facility because of his

denial to Officer Mendoza that he had it in his possession.  We overrule Chavez's sole issue on appeal.

The judgment of the trial court is affirmed.

PER CURIAM

August 2, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.