Opinion filed August 2,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00306-CR 

                                                    __________

 

                                        JOSE
CHAVEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 106th District Court

 

                                                            Gaines
County, Texas

 

                                                    Trial
Court Cause No. 10-4082

 



 

M E M O R A N D U M   O P I N I O N

Jose
Chavez appeals his conviction by a jury of the offense of taking a controlled
substance, marihuana, into a correctional facility.  The jury, finding
enhancement paragraphs true, assessed his punishment at twenty-five years in
the Texas Department of Criminal Justice, Institutional Division. e  He contends in a single issue on appeal that the
evidence is insufficient to support his conviction.  We affirm.

Under
the standard of review applicable to criminal cases, the evidence is sufficient to
support a conviction if, considering all record evidence in the light most
favorable to the verdict, a factfinder rationally could have found that each
essential element of the charged offense was proven beyond a reasonable doubt.  See
Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893,
912, 926 (Tex. Crim. App. 2010).  Evidence is insufficient under this standard in
four circumstances: (1) the record contains no evidence probative of an element
of the offense; (2) the record contains a mere “modicum” of evidence probative
of an element of the offense; (3) the evidence conclusively establishes a
reasonable doubt; and (4) the acts alleged do not constitute the criminal
offense charged.  Jackson,
443 U.S. at 314, 318 n.11, 320.  If an appellate court finds the evidence insufficient
under this standard, it must reverse the judgment and enter a judgment of
acquittal.  See Tibbs v. Florida, 457 U.S. 31, 41–42 (1982).

Patrick
Kissick testified that he is a detective lieutenant for the Seminole Police
Department.  He indicated that he was present at the book-in process for
Chavez.  He stated that, after a subject is arrested, he or she is taken into
the Gaines County Jail and relieved of his or her property, searched, and then
turned over to the duty jailer.  He said that, during the book-in process, a
marihuana cigarette was found inside a cigarette pouch on Chavez’s person.   Lieutenant
Kissick testified that Chavez was asked by Officer Joe Mendoza, prior to
entering the jail, if he had anything illegal on his person and that Officer
Mendoza told him that Chavez said he did not have anything on him.

Officer
Mendoza testified that he had been a Seminole police officer for fourteen
years.  He said that, prior to booking Chavez into the jail on the occasion in
question, he asked if he had anything on his body or on his clothes that was
illegal, like drugs.  He indicated that Chavez said he did not.  Officer Mendoza
related that he asked the question in both Spanish and English and that Chavez
understood both times.  He said that, when conducting a strip search after
Chavez was in jail, he found a marihuana joint located in a package of
cigarettes in Chavez’s shirt.  On cross-examination, Officer Mendoza
acknowledged that, at the time of his arrest, Chavez was handcuffed with his
hands behind his back.   

Chavez,
testifying in his own behalf, indicated that he told Officer Mendoza, in
response to his question, that he had some contraband in his front pocket.  He
said he told him that it was a marihuana cigarette.  He insisted that he did
not know whether Officer Mendoza heard his answer.  He related that he could
not hand anything to Officer Mendoza because he was handcuffed with his hands
behind his back.

We
hold that the evidence is sufficient to support the conviction.  It is
difficult to follow Chavez’s argument as to why the evidence is insufficient.  As
we best understand it, the argument is that, at the time Chavez put the marihuana
in his pocket, he was not intending to go to jail and that, when he was
arrested, he was handcuffed with his hands behind his back.  The issue is not
whether Chavez intended to go to jail when he put the marihuana in his pocket,
but whether he intended to take the marihuana in with him when he was about to
be booked into the jail.  Although handcuffed, he could have acknowledged  to
Officer Mendoza that he had a marihuana joint in his pocket, making sure that
Officer Mendoza heard him.  The jury is the sole judge of the credibility of
the witnesses and the weight to be given their testimony.  Montgomery v.
State, No. PD-1169-11, 2012 WL 2327833 (Tex. Crim. App. June 20, 2012). 
When faced with a record supporting contradicting inferences, we must presume
that the jury resolved such conflicts in favor of the verdict, even if not
explicitly stated in the record.  Id.  Consequently, the jury could
reasonably have chosen not to believe Chavez’s claim that he told Officer
Mendoza that he had the contraband.  

Chavez
appears to contend that the jury could not believe Officer Mendoza’s testimony
because Officer Mendoza testified that he asked Chavez the question in both
English and Spanish, whereas Lieutenant Kissick
testified that he only heard Mendoza ask the question in Spanish.  Even if, as
Chavez suggests, this testimony brings Officer Mendoza’s veracity into
question, it was for the jury to resolve the question.  

Chavez
also suggests that, in order for the evidence to be sufficient, the State is
required to show that he intended to go to jail, whereas he was taken to jail
against his wishes.  Section 6.01(a) of the Texas Penal Code provides that
a person commits an offense only if he voluntarily engages in conduct,
including an act, an omission, or possession.  Tex. Penal Code Ann. § 6.01(a) (West 2011).  “Voluntariness,”
within the meaning of Section 6.01(a), refers only to “one’s physical bodily
movements.”  Brown v. State, 89 S.W.3d 630, 633 (Tex. Crim. App. 2002).  When
an appellant complains that the evidence is insufficient to support a
conviction for taking a controlled substance or dangerous drug into a
correctional facility under Section 38.11(b) of the Texas Penal Code
because he or she was compelled to enter the facility in custody and under
restraint, but makes no claim of involuntary physical movements, the evidence
is sufficient to establish that the appellant voluntarily took the controlled
substance into the jail.  See id.  A reasonable jury could find from the
evidence presented that Chavez intentionally and knowingly took the marihuana
into the correctional facility because of his denial to Officer Mendoza that he
had it in his possession.  We overrule Chavez’s sole issue on appeal.

The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

August 2, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]

 

 









[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.