**Affirmed as Reformed and Opinion Filed July 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00704-CR

**MARK DAVID SMITH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F-11-11101-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Mark David Smith appeals his possession of methamphetamine conviction. The trial court convicted appellant, sentenced him to two years' confinement, suspended the sentence, and placed appellant on probation for two years. In two issues, appellant argues the evidence is legally and factually insufficient to show he knowingly and intentionally possessed a controlled substance, and the State disproved the defense of accident beyond a reasonable doubt. In a single cross-point, the State argues the judgment should be reformed to show appellant entered a plea of "not guilty." As reformed, we affirm the trial court's judgment.

On May 12, 2011, Addison police detective Jeff Douthit was called to a hotel where a man in a red shirt and khaki pants had tried to book a room with a credit card number written on a piece of paper. Douthit arrived at the hotel about 11:45 p.m. and saw three men standing in the

parking lot, one of which matched the description he had been given. Douthit and another officer approached the men and spoke with them. Appellant, the man in the red shirt and khaki pants, appeared "very jittery" when Douthit was speaking with him. Appellant said his car broke down, and Douthit observed a woman in the car. Douthit asked appellant about trying to get a room with a credit card number on a piece of paper, and appellant said it was a phone number. While Douthit was speaking with the men, dispatch conducted a check on them, and it came back that appellant had an outstanding arrest warrant related to a traffic offense in Dallas County. Douthit placed appellant in handcuffs and placed him under arrest. In a search incident to arrest, Douthit searched appellant's pockets and located a clear plastic baggie containing a crystal-like substance that appeared to be a controlled substance. The substance turned out to be methamphetamine. Appellant was indicted on a charge of possession of methamphetamine in an amount less than one gram.

At a subsequent trial before the court, Roger Gordy testified he was a former friend of appellant and had a criminal history including two "drug case[s]" from Fort Worth in 2005 and 2011. Gordy testified he had turned his life around and had been working a little over seven months. On May 12, 2011, Gordy was at the hotel with appellant when police approached them. Gordy testified appellant had asked him to say that appellant was wearing Gordy's clothing and that the drugs found on appellant belonged to Gordy. Gordy testified appellant was not wearing Gordy's clothes, and the drugs did not belong to Gordy. On cross-examination, Gordy testified he was arrested for possession of methamphetamine two months before appellant's arrest and two months after appellant's arrest. On the day of appellant's arrest, appellant had been helping Gordy "move some things" from a hotel to a house.

Andrew Macey, a forensic scientist at the crime laboratory of the Texas Department of Public Safety, testified the drugs taken from appellant were .11 grams of methamphetamine.

Macey testified the methamphetamine was in a plastic Ziploc baggie measuring approximately two by four inches. Macey described the baggie as "squishy, malleable" and testified it would "not necessarily" be immediately recognizable what the baggie was if it was in his pocket.

Appellant's wife, Joyce Smith, testified she did not recognize the clothes appellant was wearing at the time of his arrest. Smith testified she had never seen appellant use methamphetamine or any drug other than alcohol. Smith testified she had lived with appellant for five years at the time of trial, and she did not recognize the shirt he was wearing at the time of his arrest. Smith testified Gordy came to Smith's residence after appellant's arrest and apologized for getting appellant in trouble and said he would sign a statement the clothes were not appellant's. However, Gordy never signed such a statement.

Appellant testified the clothes he was wearing on the night of his arrest did not belong to him. However, appellant did not testify how he came to be wearing someone else's clothes. Appellant testified he was at the hotel because his truck broke down. Appellant called his father, who gave him a credit card number, and appellant wrote the number on a piece of paper. The hotel clerk refused to rent a room to appellant, and the police showed up. Appellant testified that, after his arrest, Gordy said he wanted to apologize and was willing to sign an affidavit that the clothes appellant was wearing did not belong to him. On cross-examination, appellant testified he could not recall whether he told police at the scene of his arrest that the clothes he was wearing did not belong to him. Appellant testified he did not record his conversations with Gordy because they were "texting back and forth." Appellant testified he did not have a text message where Gordy said "it was his drugs," and he did not have an affidavit signed by Gordy.

Appellant testified he had no convictions or arrests for "dangerous drugs or controlled substances" and no "marijuana convictions." However, appellant testified he developed an addiction to alcohol in his "mid to late 20's." Appellant had a prior arrest for "possession of

–3–

someone else's credit card or identifying material." Appellant described the arrest as stemming from his buying drinks at a motel in a room belonging to an "out-of-town individual" and letting the motel assume he was the individual whose credit card was on the room. Appellant was "allowed to attend the House of Isaiah," a rehab facility, following this arrest, and he successfully completed the program. Appellant had "fallen off the wagon on one or two occasions" and "picked up a DWI" two years prior to trial. Appellant testified he was still on probation at the time of trial, but he had "lived out" his felony deferred adjudication. The trial judge found appellant guilty of possession of methamphetamine, and this appeal followed.

In his first issue, appellant challenges the sufficiency of the evidence to show he knowingly and intentionally possessed a controlled substance. The only relevant standard when reviewing the sufficiency of the evidence is the standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011). In determining the sufficiency of the evidence, an appellate court is to consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We defer to the factfinder's determinations of the witnesses' credibility and the weight to be given their testimony, because the factfinder is the sole judge of those matters. *Id.* at 326.

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A defendant's intent, in particular, may be inferred from his words, acts, and conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). In other words, intent and knowledge are fact questions and are almost always proven through evidence

–4–

of the circumstances surrounding the crime. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984).

A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession. TEX. PENAL CODE ANN. §6.01(a) (West 2011). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. *Id.* §6.01(b). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* §6.03(a). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* §6.03(b). A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.*

Here, appellant testified the shorts he was wearing did not belong to him. Appellant testified the shorts belonged to Gordy, and Gordy admitted to appellant the methamphetamine was his. Gordy testified the shorts did not belong to him, and the methamphetamine found in appellant's pocket did not belong to Gordy. Gordy testified appellant asked him to say appellant was wearing Gordy's clothing and the drugs belonged to Gordy. Appellant did not deny wearing the shorts. Macey's testimony that he could not immediately recognize what the baggie contained if it was in a pocket does not establish appellant was unaware the baggie was in his pocket. Viewing all the evidence, we conclude a rational trier of fact could have found appellant knowingly and intentionally possessed the methamphetamine in his pocket. *See Jackson*, 443 U.S. at 319. We overrule appellants' first issue.

In his second issue, appellant argues the evidence is insufficient to prove appellant voluntarily possessed a controlled substance, as opposed to possessing a controlled substance by accident. Under the current penal code, however, there is no "defense of accident." *Rogers v. State*, 105 S.W.3d 630, 637 (Tex. Crim. App. 2003). The no-voluntary-conduct aspect of that former defense is addressed by penal code section 6.01(a), which provides that a person commits an offense only if he voluntarily engages in conduct. *Id.* "Voluntariness," within the meaning of section 6.01(a), refers only to one's own physical body movements. *Id.* at 638. If those physical movements are the nonvolitional result of someone else's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconsciousness, hypnosis or other nonvolitional impetus, that movement is not voluntary. *Id.* The word "accident," however, is a word of many meanings which covers a wide spectrum of possibilities. *Id.* It generally means "a happening that is not expected, foreseen, or intended." *Id.* At least since the Court of Criminal Appeals' opinion in *Williams v. State*, 630 S.W.2d 640, 644 (Tex. Crim. App. 1982), the word "accident" has not been used to refer to an "involuntary act" under section 6.01(a). *Rogers*, 105 S.W.3d at 639; *see Rashann Maurice Brown v. State*, 89 S.W.3d 630, 633 (Tex. Crim. App. 2002) ("the issue of the voluntariness of one's conduct, or bodily movements, is separate from the issue of one's mental state"). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed. TEX. PENAL CODE ANN. §6.01(b). To the extent appellant argues he did not knowingly possess the methamphetamine, we have already rejected that argument. We overrule appellant's second issue.

In a single cross point, the State argues we should reform the trial court's judgment to reflect that appellant pleaded "not guilty." The record shows appellant entered a plea of "not guilty." This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v.*

*State*, 865 S.W.2d 26, 27-8 (Tex. Crim. App. 1993). Therefore, we modify the trial court's judgment to reflect appellant entered a plea of "not guilty."

As reformed, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130704F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARK DAVID SMITH, Appellant

No. 05-13-00704-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F-11-11101-Y.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Appellant's plea of "Guilty" is deleted, and a plea of "Not Guilty" is substituted.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered July 7, 2014