

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00036-CR

JEFFREY WAYNE HARPER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14743

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

A jury convicted Jeffrey Wayne Harper of possession of methamphetamine, a prohibited substance, in a correctional facility. The jury further found true the State's allegations that Harper was twice previously convicted of felony offenses and assessed a sentence of seventy-five years' imprisonment. The trial court entered judgment in accordance with the jury's verdict and also ordered Harper, who was indigent at the time of trial, to pay $400.00 in attorney's fees for his court-appointed counsel. Harper's sole point of error on appeal argues that the jury charge was erroneous because it failed to charge the jury on the lesser-included offense of possession of less than one gram of methamphetamine.

Because the uncontested evidence established that Harper's contraband was located inside a correctional facility, we find that there was less than a scintilla of evidence that, if Harper was guilty, he was guilty only of possession of a controlled substance. Accordingly, we conclude that the trial court did not err in refusing Harper's requested instruction and overrule Harper's sole point of error on appeal. However, because Harper is indigent, we modify the trial court's judgment to delete the assessment of attorney's fees for Harper's court-appointed counsel. We further modify the trial court's judgment to reflect that Harper pled not guilty to the offense. As modified, we affirm the trial court's judgment.

I.      The Evidence at Trial

Kurt McKinney, a trooper with the Texas Department of Public Safety (TDPS), testified that he arrested Harper on existing warrants after locating him in the parking lot of a local game room. McKinney searched Harper incident to arrest, asked him if he had anything illegal on his

2

person, and warned him that carrying contraband into the jail could lead to prosecution for another offense. In response to McKinney's questions, Harper said that he had empty syringes and cigarettes in his front pockets. When asked if he thought there might be something else on him, he replied, "No, sir. I don't think there's anything else."

McKinney clarified that no illegal substances were found on Harper's person during the search incident to arrest. On the way to the Marion County Jail, McKinney and another law enforcement officer, Mike Williams, instructed Harper that he would be strip-searched at the jail and provided him with another opportunity to relinquish any contraband before entering the correctional facility. Harper did not take advantage of the opportunity. McKinney and Williams transported Harper to the sally port of the jail, where he was met by Carl Beaty, a jailor at the Marion County Sheriff's Department.

Beaty testified that he asked Harper if he was carrying contraband while they were both in the sally port. According to Beaty, Harper said he might have something, but did not disclose what the item was or where it was located. Beaty testified that he again gave Harper the opportunity to disclose the location of any contraband, but that Harper did not do so. Beaty brought Harper into the jail, took off his handcuffs, and asked Harper to empty his pockets prior to the search. According to Beaty, Harper did go through his pockets, but did not produce the methamphetamine. Beaty then conducted a search of Harper's person and informed McKinney that a small bag of methamphetamine, which was wrapped up in a receipt, was located in the rear left pocket of Harper's overalls. Harper asked Beaty to flush the methamphetamine, to no avail.

3

Stephany Jackson, a forensic scientist with the TDPS Crime Laboratory in Tyler, Texas, testified that the small bag contained .05 grams of methamphetamine. McKinney explained to the jury that, if the contraband was located on Harper before he was transported to the jail, the charge against him would have been a lesser charge of possession of less than one gram of methamphetamine. Based on this evidence, along with arguments that Harper did not knowingly and intentionally bring anything into the jail, Harper objected to the jury charge and asked that it include a lesser-included offense instruction for possession of less than one gram of methamphetamine. The trial court denied Harper's request.

## II. There Was No Jury Charge Error

We employ a two-step process in our review of alleged jury charge error. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

In order to be entitled to a lesser-included-offense instruction, the record must "contain some affirmative evidence that would permit a jury rationally to find that, if a defendant is guilty, he is guilty only of the lesser-included offense." *Nguyen v. State*, 506 S.W.3d 69, 81 (Tex. App.—Texarkana 2016, pet. ref'd) (citing *Schmidt v. State*, 278 S.W.3d 353, 362 (Tex. Crim. App. 2009)). Thus, "[t]he evidence must establish the lesser-included offense as a valid rational alternative to the charged offense." *Id.* (citing *Wesbrook v. State*, 29 S.W.3d 103, 113–14 (Tex. Crim. App. 2000)). "Anything more than a scintilla of evidence is sufficient to entitle a defendant to an

4

instruction on the lesser charge." *Id.* (citing *Ferrel v. State*, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001)). "However, if a defendant . . . presents no evidence and there is no affirmative evidence otherwise showing he is guilty only of a lesser-included offense, then a charge on a lesser-included offense is not required." *Id.* (citing *Bignall v. State*, 887 S.W.2d 21, 22–24 (Tex. Crim. App. 1994); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985)). Additionally, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted." *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009).

To support Harper's conviction for possession of a prohibited substance in a correctional facility as charged in the indictment, the State was required to prove that appellant possessed a controlled substance, namely, methamphetamine, while in a correctional facility or on property owned, used, or controlled by a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11(d)(1) (West 2016).

Harper does not dispute that he possessed methamphetamine in a correctional facility, and the evidence was uncontested on this point. Rather, he argues that he "did not intentionally take or possess, or knowingly take or possess a controlled substance while in a correctional facility." In other words, he challenges the mens rea element of the offense. However, Section 38.11(d) does not require a culpable mental state. *See Brown v. State*, 89 S.W.3d 630, 632–33 (Tex. Crim. App. 2002) (rejecting arguments similar to Harper's in a case discussing sufficiency of the

5

evidence and concluding the possession of a controlled substance by a person brought to jail after his arrest did not prevent prosecution under Section 38.11(b) on the basis that he was handcuffed and his conduct was not voluntary).

At trial, the State conclusively established that Harper possessed methamphetamine in a correctional facility, and no affirmative evidence showed that he was guilty only of a lesser-included offense. Accordingly, we conclude that the trial court did not err in refusing Harper's lesser-included-offense instruction. Therefore, we overrule Harper's sole point of error on appeal.

## III.    The Judgment Must be Modified

Because Harper was indigent, the trial court appointed counsel to represent him during trial and on appeal. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney's fees only if "the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . , including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2016). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there was no finding that Harper was able to pay them, the assessment of attorney's fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

6

This Court has the power to sua sponte correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."). Therefore, we modify the trial court's judgment by deleting the assessment of attorney's fees.

Additionally, the trial court's judgment contains a notation that Harper pled guilty to this offense. Because that notation is incorrect, we further modify the trial court's judgment to reflect Harper's plea of not guilty.

## IV. Conclusion

We modify the trial court's judgment by deleting the assessment of attorney's fees for Harper's court-appointed counsel and to reflect that Harper pled "not guilty" to the offense. As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted: September 1, 2017
Date Decided: September 18, 2017

Do Not Publish

7