

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00262-CR

RUDY NAVARRO PENA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6455, Honorable Stuart Messer, Presiding

July 31, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Rudy Navarro Pena appeals from his conviction by jury of the second-degree offense of possession of a prohibited substance in a correctional facility[1] and the

---

[1] TEX. PENAL CODE ANN. § 38.11(d)(1) (West 2011).

resulting sentence of sixteen years of imprisonment.[2]  Through this appeal, appellant challenges the sufficiency of the evidence supporting his conviction.  We will affirm.

Background

Appellant's indictment alleged he "intentionally or knowingly, possess[ed] a controlled substance, namely methamphetamine, while in the Carson County Jail, a correctional facility."

At trial, officers testified appellant was apprehended on a parole warrant.  Appellant was not cooperative during the apprehension and police used a taser to subdue and restrain him.  The officers checked appellant's person for weapons.  None were found.  No further search was conducted, and appellant was not asked whether he had any contraband on his person.  He was then transported to the Carson County jail.

While appellant was changing clothes at the jail, one of the officers saw a clear baggy with a crystalized substance, later identified as methamphetamine, fall out of appellant's sock.  The officer also found a clear glass pipe in the shoe appellant was wearing when he entered the jail.

Appellant testified, explaining to the jury that he was "high out of [his] mind" on methamphetamine when the officers apprehended him.  He admitted he had "dope" and that the glass pipe was in his shoe.  But, he told the jury, the clear baggy "doesn't look

---

[2] TEX. PENAL CODE ANN. § 12.33 (West 2011).  A second-degree felony is punishable by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000.  At the punishment stage of the hearing, the State sought enhancement of appellant's punishment and presented evidence showing appellant had been previously convicted of another felony offense.  *See* TEX. PENAL CODE ANN. § 12.42 (West 2011) (providing penalties for repeat and habitual felony offenders).

like the baggy" he had and he didn't "remember having any on [him]" when he was taken to the jail. He said that he thought he "got rid" of the "dope" before he was tased by the officers. He testified he did not "intentionally and knowingly" have "anything on me but that pipe" at the jail. He told the jury the baggy "came out of [the officer's] hand. Not out of my socks."

The jury found appellant guilty as charged in the indictment. Appellant also testified during the punishment phase, telling the jury that he had the methamphetamine "in [his] pocket" but the officers "never checked me right." The jury sentenced appellant to imprisonment for a term of sixteen years.

On appeal, appellant argues that the evidence presented was insufficient to show he intentionally and knowingly possessed the methamphetamine in a correctional facility.

Analysis

Appellant argues he did not voluntarily possess the methamphetamine in the jail because: (1) he was tased, which affected his mental condition and voluntariness of his actions, and (2) because appellant was never afforded the opportunity to inform officers that he was in possession of contraband prior to entering the Carson County Jail. We do not find appellant's arguments persuasive.

We review the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia.* 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010) (plurality op.). Under that standard, a reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable

3

doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citations omitted); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (citations omitted). The jury is the sole judge of the weight and credibility of the evidence and we presume the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citation omitted).

To prove the offense of unlawful possession of a prohibited substance in a correctional facility, the State must prove appellant "possess[ed] a controlled substance or dangerous drug while in a correctional facility or civil commitment facility or on property owned, used, or controlled by a correctional facility[.]" TEX. PENAL CODE § 38.11(d)(1).

Under section 6.01(a) of the Penal Code, a person commits an offense "only if he voluntarily engages in conduct, including an act, an omission, or possession." TEX. PENAL CODE Ann. § 6.01(a) (West 2011). Possession is a "voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." TEX. PENAL CODE ANN. § 6.01(b) (West 2011). Conduct does not become involuntary simply because an accused does not intend the result of his conduct. *Rogers v. State,* 105 S.W.3d 630, 638 (Tex. Crim. App. 2003) (citing *Adanandus v. State,* 866 S.W.2d 210, 230 (Tex. Crim. App. 1993)).

Appellant's analysis focuses on the concept of voluntariness and begins with *Brown v. State*, 89 S.W.3d 630 (Tex. Crim. App. 2002), in which the defendant Brown handed a deputy some marijuana from his pocket as he was being processed for booking

4

into jail. Brown argued he did not voluntarily bring the marijuana into the facility because he arrived in handcuffs. The Court of Criminal Appeals rejected the contention, clarifying that the term "voluntariness" refers "only to one's physical bodily movements" and that the term "voluntarily" means "the absence of an accidental act, omission or possession." *Id.* at 633 (citations omitted); *see Rogers,* 105 S.W.3d at 638.

Appellant attempts to distinguish *Brown* by pointing out the defendant there was given the opportunity to tell the officers he had contraband on his person before he entered the correctional facility. Appellant argues he, by contrast, was subjected to tasing and "whisked away to jail after a cursory search of his person for weapons." He contends his possession of the methamphetamine "ceased to be voluntary" as the result of those circumstances.

We find the argument is a misapplication of the voluntariness requirement. As the Court of Criminal Appeals has observed concerning voluntariness:

> [B]efore criminal responsibility may be imposed, the actor's conduct must "include[ ] either a voluntary act or an omission when the defendant was capable of action." The operative word under Section 6.01(a), for present purposes, is "include." Both the Model Penal Code comments and the Practice Commentary to the 1974 Texas Penal Code stress that the "voluntary act" requirement does not necessarily go to the ultimate act (e.g., pulling the trigger), but only that criminal responsibility for the harm must "include an act" that is voluntary (e.g., pulling the gun, pointing the gun, or cocking the hammer).

*Farmer v. State,* 411 S.W.3d 901, 905-06 (Tex. Crim. App. 2013) (quoting *Rogers,* 105 S.W.3d at 638). *See also Rhoades v. State,* No. 07-13-00319-CR, 2015 Tex. App. LEXIS 9665, at *19-20 (Tex. App.—Amarillo Sept. 15, 2015, pet. dism'd) (mem. op., not designated for publication) (similar discussion).

In his guilt-innocence testimony, appellant told the jury he was "high" on the methamphetamine when apprehended, and made statements acknowledging he "had" "dope" and possessed the glass pipe. Although he also made contradicting statements, in its evaluation of his testimony any reasonable finder of fact could determine without difficulty that appellant's possession of the methamphetamine was voluntary. Nothing about the evidence of his possession of the substance suggests any involuntariness of appellant's physical bodily movements related to his possession. *See Brown*, 89 S.W.3d at 633. *See also Castillo v. State,* No. 07-06-0027-CR, 2007 Tex. App. LEXIS 766, at *6-8 (Tex. App.—Amarillo Jan. 31, 2007, pet. ref'd) (mem. op., not designated for publication) (similar analysis).

With respect to appellant's physical presence in the Carson County jail, we find also that the *Brown* opinion disposes of any notion that a separate "voluntariness" requirement applies to a person brought into jail through arrest. *Brown,* 89 S.W.3d at 633. The court there made clear its rejection of a "broad definition of voluntary that would incorporate a concept of free will." *See id.*

Nor can we accept appellant's contention his tasing and the absence of any inquiry by officers of his possession of contraband before he entered the jail affected the voluntariness of his possession of the drug in the jail. Appellant argues the tasing "affected his mental condition and thus the voluntariness of [his] actions." *Brown*, however, recognizes that the voluntariness of a person's conduct or movement is separate from his mental state. *Brown,* 89 S.W.3d at 633 (citation omitted). Consequently, appellant's mental state is not part of the voluntariness analysis here.

6

For these reasons, we resolve appellant's issue against him.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.